IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-841-BO

| | | |
|---|---|---|
| DOTTIE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21, 22]. A hearing was held in Raleigh, North Carolina on September 19, 2014. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Ms. Moore filed for DIB on August 27, 2010, alleging disability as of September 2, 2010. After initial denials, Plaintiff appeared and testified before an Administrative Law Judge (ALJ), who denied her claim. The Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner on August 29, 2013. Ms. Moore then timely sought review of the ALJ's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard.

1

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

In evaluating whether a claimant is disabled, an ALJ uses a sequential multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and either meet or equal an impairment listed by the regulations (Listing). *Id.* Fourth, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, a claimant may be disabled if the impairment prevents the claimant from doing other work. *Id.* The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that Ms. Moore met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date of September 2, 2010, the ALJ determined that plaintiff had the following severe impairments: diabetes mellitus with neuropathy and nephropathy, obesity, patellofemoral syndrome or chrondromalacia of the right knee, and degenerative disc disease of the lumbar spine. [Tr. 28]. The ALJ then found that Ms. Moore did not have an impairment or combination of impairments that met or equaled a Listing, and had a residual functional capacity (RFC) to perform the full range of light work. [Tr. 29]. The ALJ found that plaintiff could return to her past relevant work as an accounting clerk, thereby determining that plaintiff was not disabled as of the date of his opinion. [Tr. 33].

Ms. Moore contends that the ALJ erred in determining that she had the RFC to perform the full range of light work. In particular, plaintiff challenges the ALJ's credibility determination, decision not to give controlling weight to the opinion of the consultative examiner (CE), and lack of limitation regarding use of a cane.

The Court finds that the ALJ's credibility assessment of Ms. Moore is supported by substantial evidence. When making the credibility determination, the ALJ found that plaintiff's impairments could reasonably be expected to cause her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible. [Tr. 30]. The ALJ considered the entire record, which revealed that Ms. Moore had stopped taking medication for her neuropathy prior to her date last insured because the symptoms had resolved and her diabetes was under "good control." [Tr. 315–16, 319]. Similarly, a physical examination of her back prior to the date last insured was normal, and plaintiff was not taking any pain medication for her back at that time. [Tr. 214–16]. An ALJ's credibility determination is to be given great weight. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Given the available evidence, the Court finds no basis upon which to disturb the ALJ's credibility finding.

The ALJ also properly considered the opinion of the CE, Dr. Sfedu. "An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredge up specious inconsistencies or has not given good reason for the weight afforded a particular opinion." *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *2 (4th Cir. 1999) (internal citation omitted). The ALJ discounted the CE's assessment because of its inconsistencies, which are clear from the record. [Tr. 32]. On one hand, Dr. Sfedu recommended that Ms. Moore stand or walk no more than two hours per workday, but on the other hand, he opined that she could frequently lift and carry 50 pounds. [*Id.*]. The ALJ's

3

finding that the CE's standing and walking limitation was too restrictive is supported by medical evidence in the record, which included documentation that plaintiff had no muscle weakness or atrophy, and normal range of motion and gait. [Tr. 216]. Given the record, the ALJ's decision to discount the CE's assessment was reasonable, and the Court finds no reason to disturb it here.

Ms. Moore's last argument is that the ALJ erred in his RFC determination because he did not properly account for plaintiff's use of a cane. While the ALJ noted Ms. Moore used a cane to walk around her house, there is no evidence in the record that a cane was medically necessary prior to her date last insured of December 31, 2010. [Tr. 30]. Therefore, the ALJ's decision not to include such a limitation is supported by substantial evidence. [Tr. 30.].

Because substantial evidence supports the decision of the Commissioner, the Court affirms that decision.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED, and defendant's motion for judgment on the pleadings [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED.

This 22 day of September, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE